**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**RANDY ROOSEVELT HEMPHILL, JR.,**<br><br>Defendant | NO. 3: 06-CR-22 (CAR)<br><br>VIOLATION: DRUG RELATED |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Michael C. Daniel of the Athens Bar; the United States was represented by Assistant U. S. Attorney Michael Dennard. Based upon the evidence presented and proffered to the court by counsel for the government and the defendant, and the contents of the Pretrial Service Report dated May 12, 2006, as well as argument of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

(1) There is PROBABLE CAUSE to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

(2) The defendant has rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. However, he has failed to rebut the presumption insofar as danger to the community is concerned.

#### ALTERNATIVE FINDINGS

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented and proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated May 12, 2006, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were defendant HEMPHILL to be released from custody at this time. Although defendant HEMPHILL has strong family ties to the Athens, Georgia area and is gainfully employed, the offense charged against him is a serious drug offense for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 210 months to 262 months in prison. The weight of evidence appears to be strong, with a confidential informant making an illegal drug purchase from the defendant.

**Defendant HEMPHILL has a lengthy arrest and conviction record but mostly for misdemeanors.  It appears that he has a felony conviction in the Superior Court of Clarke County, Georgia in 1997 for the offense of VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT.  Significantly, however, he has numerous convictions for the misdemeanor offense of DRIVING ON A SUSPENDED LICENSE indicating to the undersigned an inability to abide by the law and follow the rules of society.  In addition, he has had numerous revocations of sentences of probation indicating once again the inability to follow instructions which pretrial supervision requires.  The court, therefore, views his suspended license convictions and probation revocations as constituting evidence that he would continue such activity and would pose a danger to the community were he to be released from custody, requiring his pretrial detention.**

**For the foregoing reasons, pretrial detention is mandated.  IT IS SO ORDERED.**

### PART III  -  DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 16th day of MAY, 2006.**



*/s/ Claude W. Hicks, Jr.*

**CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE**